The Honorable Bill Abernathy State Representative
1309 Texas Street Mena, Arkansas 71963-7818
Dear Representative Abernathy:
I am writing in response to your request for my opinion on the following two questions:
Does any State law exist that mandates County owned nursing homes undergo an independent financial audit with the assumption that there is no local tax money involved in its funding?
Does any State law exist that mandates County owned nursing homes to submit an annual budget to their administrative board or their Quorum Court for review and approval?
You indicate that your questions are prompted by the following factual background:
As a part of its provider agreements with Medicaid and Medicare, a county owned nursing home in my district undergoes financial audits and cost reports whereas [sic] all dollars are examined from each payor source. However one of the nursing home's contractors recently implied that it should have an independent financial audit over and above what Medicare and Medicaid independently [sic: "independent"] audits provide.
RESPONSE
With respect to your first question, various provisions of the Arkansas Code provide for financial oversight over county-owned nursing homes independent of audits conducted under Medicare and Medicaid. With respect to your second question, the Code does not expressly mandate that a county-owned nursing home not financed by taxes submit a budget to an administrative board or the quorum court.
Question 1: Does any State law exist that mandates County owned nursing homes undergo an independent financial audit with the assumption that there is no local tax money involved in its funding?
Various provisions of the Arkansas Code mandate that a nursing home provide financial data to the state in order to enable an accounting. Section 14-137-123 of the Arkansas Code (Repl. 1998) provides as follows:
 (a) Within the first ninety (90) days of each calendar year, each public facilities board shall make a written report to the governing body of the municipality or county which created the board concerning its activities for the preceding calendar year.
 (b) Each report shall set forth a complete operating and financial statement covering its operation during the year.
Section 20-10-205(b)(4)(A) (Repl. 2005) further classifies as a Class D violation the failure of a nursing home to engage in "timely submittal of statistical and financial reports" to the state Office of Long-Term Care. In addition, A.C.A. § 20-10-204(a) Repl. 2005) provides:
 If upon inspection or investigation the Office of Long-Term Care determines that a licensed long-term care facility is in violation of any federal or state law or regulation pertaining to Title XIX Medicaid certification or licensure, the office shall promptly serve by certified mail or other means that gives actual notice, a notice of violation upon the licensee when the violation is a classified violation as described in § 20-10-205.
Subsection 20-10-1604(b)(1)(C) of the Code (Repl. 2005) directs the Division of Medical Services of the Department of Health and Human Services ("DHHS") to promulgate rules and regulations setting forth, inter alia, "[t]he format for reporting by all nursing homes the total patient days and gross receipts." Section 20-10-1602 (Repl. 2005) further directs the Division of Medical Services of DHHS to levy "an aggregate annual quality assurance fee payment equal to six percent (6%) of the aggregate annual gross receipts" — a calculation that would appear to entail the state's conducting an independent audit of an institution's accounts. Section 20-10-1603 (Repl. 2005) mandates that each nursing facility file a monthly report listing the patient days for the preceding month.
In conjunction with the foregoing statutes, A.C.A. § 20-10-1206(a)(1) (Repl. 2005) provides:
The Department of Health and Human Services and any duly designated officer or employee thereof or an ombudsman shall have the right to enter upon and into the premises of any long-term care facility at any time in order to determine the state of compliance with this subchapter and the rules in force pursuant to this subchapter.[1]
Moreover, with respect to a resident's personal funds entrusted to a facility, A.C.A. § 20-10-1204(a)(4)(C)(i) (Repl. 2005) provides:
 The facility shall establish and maintain a system that ensures a full, complete, and separate accounting, according to generally accepted accounting principles or regulations established by the Office of Long-Term Care, of each resident's personal funds entrusted to the facility on the resident's behalf.
In my opinion, these statutes clearly authorize the state to monitor the financial affairs of a county-owned nursing home independently of the audit requirements imposed by Medicare and Medicaid.
Question 2: Does any State law exist that mandates County owned nursing homes to submit an annual budget to their administrative board or their Quorum Court for review and approval?
No provision of the Code mandates that a county-owned nursing home not supported by tax revenues be required to submit an annual budget to its administrative board or its quorum court. However, as noted in my response to your previous question, A.C.A. § 14-137-123 mandates that a public facilities board administering a county owned nursing home[2] provide "a complete operating and financial statement covering its operation" for the preceding year within 90 days of each calendar year.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Section 20-10-1201 of the Code (Repl. 2005) defines the purpose of the referenced subchapter as follows: The purpose of this subchapter is to provide for the development, establishment, and enforcement of basic standards for: (1) The health, care, and treatment of persons in long-term care facilities; and (2) The construction, maintenance, and operation of these facilities which will ensure safe, adequate, and appropriate care, treatment, and health of persons in the facilities.
[2] Subsection 14-137-103(7) of the Code includes nursing homes within the category of "health care facilities" governed by a public facilities board.